UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Terry Nelson and Clark Anderson as Trustees of the Painters and Allied Trades District Council No. 82 Health Care Fund, and the District Council 82 Painting Industry Pension Fund, Terry Nelson and Mark Rislund as Trustees of the Painters and Allied Trades District Council 82 STAR Fund, Terry Nelson and Robert Swanson as Trustees of the Finishing Trades Institute of the Upper Midwest Trust Fund, Terry Nelson and Bill Sullivan as Trustees of the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, Timothy Maitland as a fiduciary of the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, and the Painters and Allied Trades Labor Management Cooperation Initiative, the Painters and Allied Trades District Council No. 82 Health Care Fund, District Council 82 Painting Industry Pension Fund, the Painters and Allied Trades District Council 82 STAR Fund, the Finishing Trades Institute of the Upper Midwest Trust Fund, the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, the Painters and Allied Trades Labor Management Cooperation Initiative, and any successors,

      Plaintiffs,

vs.

Show Me Painting LLC and Terronya Fulford Block individually,

      Defendants.

_____

Civil File No.: _____

**COMPLAINT**

Plaintiffs, for their Complaint against the Defendants, state and allege as follows:

1

## **IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees and Fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the District Council 82 Painting Industry Pension Fund, the Painters and Allied Trades District Council 82 STAR Fund, the Finishing Trades Institute of the Upper Midwest Trust Fund, the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, and the Painters and Allied Trades Labor Management Cooperation Initiative ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. The Funds, with the exception of the Painters and Allied Trades District Council 82 STAR Fund, are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, *et seq*.

4. Defendant Show Me Painting LLC ("Show Me Painting") is a Minnesota limited liability company with a registered address of 288 Hurley Street East, West St. Paul, Minnesota 55118.  Defendant Show Me Painting is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. Defendant Terronya Fulford Block ("Block") is the owner of Show Me Paitning and, as set forth herein, the guarantor of Show Me Painting's obligations to the Funds. Defendant Block is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6. This is an action by the Funds' Trustees and Fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502, 29 U.S.C. § 1132 and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

7. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502, 29 U.S.C. § 1132.

## **FACTS**

8. The Funds re-allege and incorporate by reference paragraphs 1-7 herein.

9. On January 10, 2014, Show Me Painting became bound to the terms of a collective bargaining agreement negotiated between the Minnesota Painting and Wallcovering Employers Association and International Union of Painters and Allied Trades District Council #82 ("CBA").

10. Show Me Painting and Block are bound to the CBA through at least April 30, 2019.

11. The CBA provides that Show Me Painting and Block are bound to the Trust Agreements for the Funds.

12.     The CBA Trust Agreements require Show Me Painting and Block to submit contributions to the Funds on a monthly basis in an amount set forth in the CBA for each hour worked by their employees covered by the CBA.

13.     The CBA and Trust Agreements further require Show Me Painting and Block to submit contributions to the Funds for 160 hours per month for any owner operators.

14.     The CBA and Trust Agreements require Show Me Painting and Block to calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

15.     The CBA and Trust Agreements state that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the 15th day of the in which they are due.

16.     The CBA requires signatory employers to furnish a bond or approved escrow account guaranteeing the employers' the signatory employer's obligation to the Funds.  The CBA further provides that in the event such bonding requirements are not met, the CBA shall become binding personally and individually upon Block for the full and faithful performance of all terms of the CBA.

17.     Show Me Painting and Block did not furnish a bond or approved escrow account.

18.     The CBA and Trust Agreements state that the Board of Trustees for the Funds shall have the right at any reasonable time to have a representative check the payroll, Social Security, withholding, unemployment, and Workers' Compensation

records, 1099s, and 941s and any other record necessary to determine whether an employer is in compliance with the terms and provisions of the CBA.

19. Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Show Me Painting and Block to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

20. If Show Me Painting and Block fail to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, P Show Me Painting and Block are liable for all of the hours worked by that individual for whom they are unable to produce satisfactory records verifying the type of work being performed by that individual.

21. Pursuant to the CBA Show Me Painting and Block agreed that they would not subcontract any work covered by the CBA to any subcontractor that is not bound to the CBA or bound to a CBA with a Union affiliated with the International Union of Painters and Allied Trades.  In this regard, the CBA provides that if the subcontracting provision of the CBA is breached, Show Me Painting and Block are liable to the Funds for monetary damages in an amount representing the difference between the wages and fringes provided for in the CBA and those actually paid by the subcontractor.

22. The CBA and Trust Agreements state that if an employer becomes delinquent, they shall be required to pay liquidated damages and interest on any unpaid contributions.

23. CBA and Trust Agreements further state that delinquent employers are required to pay all court costs, including reasonable attorney and audit fees.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO PERMIT AN AUDIT

24. The Funds re-allege and incorporate by reference paragraphs 1-23 herein.

25. The Funds' authorized agent requested that Show Me Painting produce a complete set of payroll and employment records as specified in the CBA and Trust Agreements for the period of December 1, 2017 through the present ("Audit Period").

26. Show Me Painting and Block breached the terms of the CBA and Trust Agreements by failing and refusing to produce all of the requested payroll and employment records for the Audit Period.

27. Upon information and belief, Show Me Painting and Block employed individuals during the Audit Period on whose behalf contributions are due and owing.

28. Unless Show Me Painting and Block are ordered to specifically perform the obligation to produce all of the requested records and permit the audit and are enjoined from further obstruction of such procedure, the Funds will have no means of verifying the proper amounts due and owing to them, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to their employees pursuant to ERISA, the CBA, and the Trust Agreements.

29. In the absence of this court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

30. Show Me Painting and Block should be enjoined from further refusal and failure to allow the Funds' authorized agent access to all of their relevant records pursuant to the CBA, Trust Agreements, and ERISA.

31. Show Me Painting and Block are liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all the employees for whom they are unable

6

to produce satisfactory records verifying the type of work performed by any such individuals.

32. Pursuant to the CBA and Trust Agreements, Show Me Painting and Block are liable to the Funds for all court costs, including reasonable attorney and audit fees incurred in this matter.

33. Show Me Painting and Block are liable to the Funds for liquidated damages on any unpaid contributions discovered to be due and owing pursuant to the CBA and Trust Agreements.

34. Show Me Painting and Block are liable to the Funds for interest charges on any unpaid contributions discovered to be due and owing for the Audit Period pursuant to the CBA and Trust Agreements.

## COUNT III
## ERISA DAMAGES

35. The Funds re-allege and incorporate by reference paragraphs 1-34 herein.

36. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

37. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

38. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment, joint and several, of this Court against Defendants Show Me Painting LLC and Terronya Fulford Block, individually as follows:

1. For an Order adjudging that the Defendants are required to forthwith produce for inspection and audit for the period of December 1, 2017 through the present,

any and all records reasonably deemed necessary to the performance of such audit by the Plaintiffs' authorized agent.

2.  For an Order adjudging that the Defendants are enjoined from further failure or refusal to produce all such records and to permit such inspection, and from further obstruction of Plaintiffs' auditing procedures during the term of the CBA and Trust Agreements.

3.  For judgment against the Defendants for all unpaid fringe benefit contributions discovered to be due and owing for the period of December 1, 2017 through the present pursuant to the audit.

4.  For an award of liquidated damages and interest charges or double interest charges on all unpaid contributions.

5.  For an award of costs, disbursements and attorneys' fees according to law.

6.  Such other and future relief as the Court deems just, equitable or proper.

Date:  January 28, 2018

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED


By:   s/ Amy L. Court
Carl S. Wosmek (Atty. No. 300731)
Amy L. Court (Atty. No. 319004)
Christy E. Lawrie (Atty. No. 388832)
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorney for Plaintiffs*

1112771.DOCX